Malcolm I. Lewin
Joaquin Ezcurra
**MORRISON COHEN LLP**
909 Third Avenue
New York, New York  10022
212-735-8600
212-735-8708 Fax

Clement J. Kong
Keith R. Thorell
**KORSHAK, KRACOFF, KONG & SUGANO, L.L.P.**
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, California  90025
310-996-2340
310-996-2334 Fax
*Attorneys for Defendant Southern Wine*
*& Spirits of New York, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIE M. JOSIANNE SAJOUS, on behalf of herself and others similarly situated,<br><br>          Pl       aintiff,<br><br>          v.<br><br>SOUTHERN WINE & SPIRITS OF NEW YORK, INC., and WINE, LIQUOR & DISTILLERY WORKERS LOCAL 1-D,<br><br>          Defendants. | CASE NO.: 15-cv-3270(JS)(ARL)<br><br>**DEFENDANT SOUTHERN WINE & SPIRITS OF NEW YORK, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant SOUTHERN WINE & SPIRITS OF NEW YORK, INC. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff Marie M. Josianne Sajous ("Plaintiff") on behalf of itself and no other defendants.  Defendant answers and alleges as follows:

**NATURE OF CLAIMS**

1.  In answer to paragraph 1 of the Complaint, Defendant admits that it is a subsidiary of Southern Wine & Spirits of America, Inc., the nation's largest wine and spirits distributor and that it operates a facility in Syosset, New York.  Except as so admitted, Defendant

specifically denies each and every allegation contained in paragraph 1.

2.      In answer to paragraph 2 of the Complaint, Defendant specifically denies each and every allegation contained therein.

3.      In answer to paragraph 3 of the Complaint, Defendant specifically denies each and every allegation contained therein.

4.      In answer to paragraph 4 of the Complaint, Defendant specifically denies each and every allegation contained therein.

5.      In answer to paragraph 5 of the Complaint, Defendant specifically denies each and every allegation contained therein.

6.      In answer to paragraph 6 of the Complaint, Defendant specifically denies each and every allegation contained therein.

7.      In answer to paragraph 7 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

8.       In answer to paragraph 8 of the Complaint, Defendant admits Plaintiff has styled her Complaint as a class action.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 8.

9.      In answer to paragraph 9 of the Complaint, Defendant specifically denies each and every allegation contained therein.

10.     In answer to paragraph 10 of the Complaint, Defendant specifically denies each and every allegation contained therein.

11.     In answer to paragraph 11 of the Complaint, Defendant specifically denies each and every allegation contained therein.

12.     In answer to paragraph 12 of the Complaint, Defendant specifically denies each and every allegation contained therein.

13.     In answer to paragraph 13 of the Complaint, Defendant specifically denies each and every allegation contained therein.

14.     In answer to paragraph 14 of the Complaint, Defendant specifically denies each and every allegation contained therein.

15.     In answer to paragraph 15 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## JURISDICTION AND VENUE

16.     In answer to paragraph 16 of the Complaint, Defendant admits this Court has original subject matter jurisdiction over the Title VII claims pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 16.

17.     In answer to paragraph 17 of the Complaint, Defendant admits this Court has original subject matter jurisdiction over the Equal Pay Act (EPA) claims pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 17.

18.     In answer to paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

19.     In answer to paragraph 19 of the Complaint, Defendant admits that venue is proper in this judicial district. Except as so admitted, Defendant denies each and every allegation contained in paragraph 19.

20.     In answer to paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

21.     In answer to paragraph 21 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## PARTIES

### *Plaintiff*

22.     In answer to paragraph 22 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

23.     In answer to paragraph 23 of the Complaint, Defendant admits the allegations contained therein.

### Southern Wine & Spirits of New York

24.     In answer to paragraph 24 of the Complaint, Defendant admits the allegations therein.

25.     In answer to paragraph 25 of the Complaint, Defendant admits it has operations in Syosset, New York.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 25 of the Complaint.

26.     In answer to paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

27.     In answer to paragraph 27 of the Complaint, Defendant admits it has maintained more than one business location throughout the State of New York and that it has a warehouse and offices in Syosset, New York in Nassau County.  Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 27 of the Complaint and, on that basis, denies the allegations.

28.     In answer to paragraph 28 of the Complaint, Defendant admits that during Plaintiff's employment it was an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 203(b) and (h) and 42 U.S.C. §§ 2000e(b), (g), and (h).  Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.     In answer to paragraph 29 of the Complaint, Defendant admits that during Plaintiff's employment it was an employer within the meaning of the NYSHRL § 292(5).

Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 29 of the Complaint and, on that basis, denies the allegations.

30.     In answer to paragraph 30 of the Complaint, Defendant admits that during Plaintiff's employment it was an employer within the meaning of the NYLL § 190.  Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies the allegations.

### *Wine, Liquor & Distillery Workers Local 1-D*

31.     In answer to paragraph 31 of the Complaint, Defendant admits that Wine, Liquor & Distillery Workers Local 1-D is a labor organization.  Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.     In answer to paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

### FACTS

33.     In answer to paragraph 33 of the Complaint, Defendant admits the allegations contained therein.

34.     In answer to paragraph 34 of the Complaint, Defendant admits that it maintains a warehouse facility located at 345 Underhill Boulevard, Syosset, New York.

35.     In answer to paragraph 35 of the Complaint, Defendant admits that Plaintiff was employed by it in Syosset, New York.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 35 of the Complaint.

36.     In answer to paragraph 36 of the Complaint, Defendant admits that the Union was the authorized bargaining representative for Plaintiff and for some other of its

employees during part of the time of Plaintiff's employment.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 36 of the Complaint.

37.     In answer to paragraph 37 of the Complaint, Defendant admits that Plaintiff was a member of the Union during part of the time of her employment.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 37 of the Complaint.

38.     In answer to paragraph 38 of the Complaint, Defendant admits it had a collective bargaining relationship with the union.  Except as so admitted, Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

39.     In answer to paragraph 39 of the Complaint, Defendant admits that there was a collective bargaining agreement between the Wine, Liquor & Distillery Workers' Union Local 1-D and Southern Wine & Spirits of New York, Inc. in effect from November 1, 2011 to at least October 31, 2014.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 39 of the Complaint.

40.     In answer to paragraph 40 of the Complaint, Defendant admits that it negotiated with Wine, Liquor & Distillery Workers' Union Local 1-D over the terms of its collective bargaining agreements.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 40 of the Complaint.

41.     In answer to paragraph 41 of the Complaint, Defendant admits that the Union agreed to the terms contained in executed collective bargaining agreements.

42.     In answer to paragraph 42 of the Complaint, Defendant admits that it agreed to the terms contained in executed collective bargaining agreements.

43.     In answer to paragraph 43 of the Complaint, Defendant specifically denies each and every allegation contained therein.

### The Warehouse Classification Demographics and Pay

44.     In answer to paragraph 44 of the Complaint, Defendant specifically denies each and every allegation contained therein.

45.     In answer to paragraph 45 of the Complaint, Defendant specifically denies each and every allegation contained therein.

46.     In answer to paragraph 46 of the Complaint, Defendant specifically denies each and every allegation contained therein.

### *Inventory Control Clerks*

47.     In answer to paragraph 47 of the Complaint, Defendant admits that Plaintiff was employed as an Inventory Control Clerk and that her employment began in 2006. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 47 of the Complaint.

48.     In answer to paragraph 48 of the Complaint, Defendant specifically denies each and every allegation contained therein.

49.     In answer to paragraph 49 of the Complaint, Defendant specifically denies each and every allegation contained therein.

50.     In answer to paragraph 50 of the Complaint, Defendant admits that it hired Justin Veigh.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 50 of the Complaint.

51.     In answer to paragraph 51 of the Complaint, Defendant specifically denies each and every allegation contained therein.

52.     In answer to paragraph 52 of the Complaint, Defendant specifically denies each and every allegation contained therein.

53.     In answer to paragraph 53 of the Complaint, Defendant specifically denies each and every allegation contained therein.

54.     In answer to paragraph 54 of the Complaint, Defendant specifically denies each and every allegation contained therein.

### *Checkers/Shipping & Receiving Clerks*

55.     In answer to paragraph 55 of the Complaint, Defendant admits that the CBA which expired on October 31, 2014 lists "Checkers, Shipping & Receiving Clerks" in

section 9.3.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 56.

56.     In answer to paragraph 56 of the Complaint, Defendant specifically denies each and every allegation contained therein.

57.     In answer to paragraph 57 of the Complaint, Defendant specifically denies each and every allegation contained therein.

58.     In answer to paragraph 58 of the Complaint, Defendant specifically denies each and every allegation contained therein.

59.     In answer to paragraph 59 of the Complaint, Defendant specifically denies each and every allegation contained therein.

60.     In answer to paragraph 60 of the Complaint, Defendant specifically denies each and every allegation contained therein.

61.     In answer to paragraph 61 of the Complaint, Defendant admits that it provides safety training to its employees.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 61 of the Complaint.

62.     In answer to paragraph 62 of the Complaint, Defendant admits that it provides safety training to its employees.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 62 of the Complaint.

63.     In answer to paragraph 63 of the Complaint, Defendant specifically denies each and every allegation contained therein.

64.     In answer to paragraph 64 of the Complaint, Defendant admits that Plaintiff used machinery requiring certification.  Except as so admitted, Defendant specifically denies each and every allegation contained therein.

65.     In answer to paragraph 65 of the Complaint, Defendant specifically denies each and every allegation contained therein.

66.     In answer to paragraph 66 of the Complaint, Defendant specifically denies each and every allegation contained therein.

67.     In answer to paragraph 67 of the Complaint, Defendant specifically denies each and every allegation contained therein.

68.     In answer to paragraph 68 of the Complaint, Defendant specifically denies each and every allegation contained therein.

69.     In answer to paragraph 69 of the Complaint, Defendant admits that employees performing the checking function physically inspect shipments received.

70.     In answer to paragraph 70 of the Complaint, Defendant admits that employees performing the checking function compare some of the records of what is supposed to be in a shipment with the actual product that is in the shipment.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 70 of the Complaint.

71.     In answer to paragraph 71 of the Complaint, Defendant specifically denies each and every allegation contained therein.

72.     In answer to paragraph 72 of the Complaint, Defendant specifically denies each and every allegation contained therein.

73.     In answer to paragraph 73 of the Complaint, Defendant admits that, among other things, its accounting department enters information into Defendant's computer systems regarding product received into inventory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 73 of the Complaint.

74.     In answer to paragraph 74 of the Complaint, Defendant specifically denies each and every allegation contained therein.

75.     In answer to paragraph 75 of the Complaint, Defendant admits that Plaintiff compared documents with records of inventory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 75 of the Complaint.

76.     In answer to paragraph 76 of the Complaint, Defendant specifically denies each and every allegation contained therein.

77.     In answer to paragraph 77 of the Complaint, Defendant specifically denies

each and every allegation contained therein

78.     In answer to paragraph 78 of the Complaint, Defendant admits that, among other things, its accounting department enters information into Defendant's computer systems regarding product received into inventory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 78 of the Complaint.

79.     In answer to paragraph 79 of the Complaint, Defendant specifically denies each and every allegation contained therein.

80.     In answer to paragraph 80 of the Complaint, Defendant admits that employees performing the checking function lift product from time to time when necessary to perform assigned tasks.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 80 of the Complaint.

81.     In answer to paragraph 81of the Complaint, Defendant specifically denies each and every allegation contained therein.

82.     In answer to paragraph 82 of the Complaint, Defendant admits that employees performing the checking function count cases of product received.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 82 of the Complaint.

83.     In answer to paragraph 83 of the Complaint, Defendant admits that, from time to time, Plaintiff counted cases of product in inventory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 83 of the Complaint.

84.     In answer to paragraph 84 of the Complaint, Defendant admits that employees performing the checking function must identify product being received.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 84 of the Complaint.

85.     In answer to paragraph 85 of the Complaint, Defendant admits that, from time to time, Plaintiff identified product in inventory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 85 of the Complaint.

86.     In answer to paragraph 86 of the Complaint, Defendant specifically denies each and every allegation contained therein.

87.     In answer to paragraph 87 of the Complaint, Defendant specifically denies each and every allegation contained therein.

88.     In answer to paragraph 88 of the Complaint, Defendant admits that employees performing the checking function count.

89.     In answer to paragraph 89 of the Complaint, Defendant admits that Plaintiff was tasked with counting from time to time.

90.     In answer to paragraph 90 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

91.     In answer to paragraph 91 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

92.     In answer to paragraph 92 of the Complaint, Defendant specifically denies each and every allegation contained therein.

93.     In answer to paragraph 93 of the Complaint, Defendant admits that, at most times, employees performing the checking function do so in the warehouse.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 93 of the Complaint.

94.     In answer to paragraph 94 of the Complaint, Defendant specifically denies each and every allegation contained therein.

95.     In answer to paragraph 95 of the Complaint, Defendant specifically denies each and every allegation contained therein.

96.     In answer to paragraph 96 of the Complaint, Defendant admits the allegations contained therein.

97.     In answer to paragraph 97 of the Complaint, Defendant admits that

Plaintiff was required to wear safety equipment such as steel-toed boots when present in the warehouse.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 97 of the Complaint.

98.     In answer to paragraph 98 of the Complaint, Defendant specifically denies each and every allegation contained therein.

99.     In answer to paragraph 99 of the Complaint, Defendant specifically denies each and every allegation contained therein.

100.     In answer to paragraph 100 of the Complaint, Defendant specifically denies each and every allegation contained therein.

101.     In answer to paragraph 101 of the Complaint, Defendant admits that it requires employees to undergo safety training.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 101 of the Complaint.

102.     In answer to paragraph 102 of the Complaint, Defendant admits that it requires employees to undergo safety training.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 102 of the Complaint.

103.     In answer to paragraph 103 of the Complaint, Defendant specifically denies each and every allegation contained therein.

104.     In answer to paragraph 104 of the Complaint, Defendant specifically denies each and every allegation contained therein.

105.     In answer to paragraph 105 of the Complaint, Defendant admits that Plaintiff's hourly rate was $23.92 as of November 1, 2011 and $25.06 as of November 1, 2012. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 105.

106.     In answer to paragraph 106 of the Complaint, Defendant specifically denies each and every allegation contained therein.

107.     In answer to paragraph 107 of the Complaint, Defendant specifically denies each and every allegation contained therein.

108.     In answer to paragraph 108 of the Complaint, Defendant specifically denies each and every allegation contained therein.

109.     In answer to paragraph 109 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

110.     In answer to paragraph 110 of the Complaint, Defendant specifically denies each and every allegation contained therein.

111.     In answer to paragraph 111 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

112.     In answer to paragraph 112 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

113.     In answer to paragraph 113 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

114.     In answer to paragraph 114 of the Complaint, Defendant specifically denies each and every allegation contained therein.

115.     In answer to paragraph 115 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

116.     In answer to paragraph 116 of the Complaint, Defendant specifically denies each and every allegation contained therein.

117.     In answer to paragraph 117 of the Complaint, Defendant admits that Ms. Wald-Margolis informed Plaintiff that inventory control clerks would be referenced as warehouse for purposes of workers' compensation.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 117 of the Complaint.

118.     In answer to paragraph 118 of the Complaint, Defendant specifically denies each and every allegation contained therein.

119.     In answer to paragraph 119 of the Complaint, Defendant specifically denies each and every allegation contained therein.

120.     In answer to paragraph 120 of the Complaint, Defendant specifically denies each and every allegation contained therein.

121.     In answer to paragraph 121 of the Complaint, Defendant specifically denies each and every allegation contained therein.

122.     In answer to paragraph 122 of the Complaint, Defendant specifically denies each and every allegation contained therein.

123.     In answer to paragraph 123 of the Complaint, Defendant specifically denies each and every allegation contained therein.

124.     In answer to paragraph 124 of the Complaint, Defendant specifically denies each and every allegation contained therein.

125.     In answer to paragraph 125 of the Complaint, Defendant specifically denies each and every allegation contained therein.

126.     In answer to paragraph 126, Defendant admits that certain high seniority employees receive higher pay than other employees under the collective bargaining agreements. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 126.

127.     In answer to paragraph 127, Defendant admits that its collective bargaining agreements are not discriminatory.  Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 127.

128.     In answer to paragraph 128, Defendant specifically denies each and every allegation contained therein.

129.     In answer to paragraph 129, Defendant specifically denies each and every allegation contained therein.

130.     In answer to paragraph 130, Defendant specifically denies each and every allegation contained therein.

131.     In answer to paragraph 131, Defendant specifically denies each and every allegation contained therein.

132.     In answer to paragraph 132, Defendant specifically denies each and every allegation contained therein.

133.     In answer to paragraph 133, Defendant specifically denies each and every allegation contained therein.

134.     In answer to paragraph 134, Defendant specifically denies each and every allegation contained therein.

135.     In answer to paragraph 135, Defendant specifically denies each and every allegation contained therein.

136.     In answer to paragraph 136, Defendant specifically denies each and every allegation contained therein.

137.     In answer to paragraph 137, Defendant specifically denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

138.     In answer to paragraph 138, Defendant re-alleges and incorporates each and every response in paragraphs 1-137 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 138.

139.     In answer to paragraph 139, Defendant specifically denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

140.     In answer to paragraph 140, Defendant re-alleges and incorporates each and every response in paragraphs 1-139 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in

paragraph 140.

141.     In answer to paragraph 141, Defendant specifically denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

142.     In answer to paragraph 142, Defendant re-alleges and incorporates each and every response in paragraphs 1-141 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 142.

143.     In answer to paragraph 143, Defendant specifically denies each and every allegation contained therein.

144.     In answer to paragraph 144, Defendant specifically denies each and every allegation contained therein.

145.     In answer to paragraph 145, Defendant specifically denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

146.     In answer to paragraph 146, Defendant re-alleges and incorporates each and every response in paragraphs 1-145 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 146.

147.     In answer to paragraph 147, Defendant specifically denies each and every allegation contained therein.

148.     In answer to paragraph 148, Defendant specifically denies each and every allegation contained therein.

149.     In answer to paragraph 149, Defendant specifically denies each and every allegation contained therein.

150.     In answer to paragraph 150, Defendant specifically denies each and every allegation contained therein.

151.    In answer to paragraph 151, Defendant specifically denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

152.    In answer to paragraph 152, Defendant re-alleges and incorporates each and every response in paragraphs 1-151 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 152.

153.    In answer to paragraph 153, Defendant specifically denies each and every allegation contained therein.

154.    In answer to paragraph 154, Defendant specifically denies each and every allegation contained therein.

155.    In answer to paragraph 155, Defendant specifically denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

156.    In answer to paragraph 156, Defendant re-alleges and incorporates each and every response in paragraphs 1-155 above as though fully set forth herein.  Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 156.

157.    In answer to paragraph 157, Defendant specifically denies each and every allegation contained therein.

158.    In answer to paragraph 158, Defendant specifically denies each and every allegation contained therein.

159.    In answer to paragraph 159, Defendant specifically denies each and every allegation contained therein.

160.    In answer to paragraph 160, Defendant specifically denies each and every allegation contained therein.

161.    In answer to paragraph 161, Defendant specifically denies each and every

allegation contained therein.

162.    In answer to paragraph 162, Defendant specifically denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

163.    Without conceding that any act of Defendant caused damage to Plaintiff or any other person in any respect and without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff, Defendant hereby asserts separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

164.    Neither the Complaint, nor any purported cause of action asserted therein, states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

165.    Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff must be reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

(Good Faith)

166.    Any acts or omissions on the part of Defendant were in good faith, and Defendant had reasonable grounds for believing that any such act or omission was not a violation of the Equal Pay Act, Title VII, N.Y. Exec. Law § 297 et seq., N.Y. Lab. Law § 198 et seq., or any other applicable statute.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Contractual Remedies)

167.    This Court has no jurisdiction over the subject matter of the Complaint, nor over the subject matter of any of the purported causes of action alleged therein because Plaintiff has failed to exhaust the exclusive contractual remedies which are set forth in a

collective bargaining agreement between Defendant and the union which represented Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

168.    Plaintiff's claims are barred for failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands/After-Acquired Evidence)

169.    On information and belief, Plaintiff has unclean hands and is therefore barred from obtaining any relief under any of the purported causes of action contained in the Complaint.  Plaintiff's entitlement to any relief is further barred or limited by the after-acquired evidence doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

170.    Plaintiff's claims are barred by all applicable statutes of limitation including, but not limited to, 29 U.S.C. §255, 42 U.S.C. § 2000e-5, N.Y. Exec. Law § 297, and N.Y. Lab. Law §198.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

171.    By conduct, representations, and omissions, Plaintiff has waived, relinquished, or abandoned any claim for relief against Defendant respecting the matters which are the subject of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches/Estoppel/Release)

172.    The Complaint is barred by the doctrines of laches, estoppel and/or release.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Arbitrate)

173.    This Court has no jurisdiction over the subject matter of the Complaint,

nor over the subject matter of any of the purported causes of action alleged therein because the controversies alleged in the Complaint and each cause of action therein are subject to a written agreement to arbitrate contained in a collective bargaining agreement between Defendant and the union which represented Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (NLRA Preemption)

174.    The Complaint, and each purported cause of action alleged therein, fail to allege facts sufficient to constitute causes of action against Defendant because the National Labor Relations Act, 29 U.S.C. § 151, et seq., grants exclusive jurisdiction over the subject matter of the Complaint and the purported causes of action alleged therein to the National Labor Relations Board.

## TWELFTH AFFIRMATIVE DEFENSE

### (Section 301 Preemption)

175.    The Complaint, and each purported cause of action alleged therein, are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Seniority)

176.    Any differences in pay alleged in the Complaint are based on a nondiscriminatory seniority system pursuant to 29 U.S.C. § 206(d)(1)(i) and any comparable New York statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Differential Based on Any Other Factor Other Than Sex)

177.    Any differences in pay alleged in the Complaint are based on any other factor other than sex pursuant to 29 U.S.C. § 206(d)(1)(iv) and any comparable New York statutes.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Class Action)

178.    The Complaint's class action allegations, and each purported cause of action brought on behalf of a class of putative plaintiffs therein, fail to state facts sufficient to establish (a) an ascertainable class, (b) standing of one or more of the named plaintiffs to represent the purported class, (c) a community of interest among the potential claimants, and (d) a substantial benefit to the parties and the Court sufficient to maintain a class action. This action also may not properly be maintained as a class action because (a) Plaintiff will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy, (d) there is no numerosity, (e) the claims or defenses of Plaintiff will not be typical of the claims or defenses of the class, and (f) other requirements of maintaining this action as a class action, including but not limited to the mandatory requirements of Fed. R. Civ. P. 23(a) and (b), have not been met.  This action may further not be properly maintained as a class action because (a) certain interests of Plaintiff will conflict with the interests of all or some of the members of the proposed class, (b) the claims of the members of the proposed class are subject to individualized defenses and class treatment would violate the due process rights of absent class members and also Defendant's rights to due process and jury trial, and (c) Plaintiff has failed to identify a practice of discrimination against her or against the proposed class.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Legitimate/Non-Discriminatory Actions)

179.    If it is determined that the conduct alleged by Plaintiff occurred and is legally attributable to Defendant, Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and/or other non-discriminatory bases.  Insofar as any of Defendant's employment policies, procedures or practices, including but not limited to those related to performance, promotion or compensation,

are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, such policies, procedures or practices nevertheless are lawful because (a) they are consistent with business necessity, (b) they bear a significant relationship to a significant business objective of Defendant, (c) their consequences were not intentional, (d) Plaintiff has not demonstrated that Defendant failed to adopt an alternative employment practice that satisfies the legal standard, (e) Plaintiff cannot produce substantial evidence that an alternative policy or practice with less disparate impact is available to Defendant, and (f) any such alternative policy or practice would not serve Defendant as well.  Plaintiff further cannot identify similarly-situated male individuals who work or worked for Defendant and received more favorable treatment based on gender, and any pay differences between Plaintiff and any similarly-situated male individuals who work or worked for Defendant were based on one or more factors other than gender.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Malice/Reckless Indifference)

180.    Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of Section 102(b)(1) of the Civil Rights Act of 1991.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Inapplicability of the NYSHRL to Certain Claims)

181.    The NYSHRL does not apply to Plaintiff and/or one or more of the members of the proposed class.  Neither punitive damages nor attorneys' fees are an appropriate remedy under the NYSHRL.

## NINETEENTH AFFIRMATIVE DEFENSE

(Inapplicability of the NY EPA to Certain Claims)

182.    The NY EPA does not apply to Plaintiff and/or one or more of the members of the proposed class.  Any EPA claims are limited to the establishments or particular offices/facilities where the named plaintiffs worked.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable to Class)

183.   The claims for injunctive and other prospective equitable relief by Plaintiff and/or the proposed class are barred because Plaintiff and/or the proposed class have an adequate and complete remedy at law.  Because of the varying and individualized nature of the claims of each proposed class member, the Court cannot fashion a single injunction as a remedy, thereby making Rule 23(b)(2) certification inappropriate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

184.   Each and every purported claim alleged by Plaintiff, including those on behalf of members of the proposed class she purports to represent, is barred because any recovery from Defendant would result in Plaintiff's or a proposed class member's unjust enrichment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Barred/Limited)

185.   There is no causal relation between the alleged acts of Defendant and any injury or damage suffered by Plaintiff and/or the proposed class.  Claims for damages of Plaintiff and/or the proposed class are further barred or limited by:  (a) lack of adverse employment action, (b) lack of unlawful intentional discrimination, (c) lack of extreme/outrageous/reckless conduct on behalf of Defendant, (d) the damages cap established by 42 U.S.C. § 1981a(b)(3), (e) due process under the United States Constitution and/or the Constitution of the State of New York, (f) the speculative nature of the claims, and (g) the doctrine of set-off.

## RESERVATION OF RIGHTS

186.   Defendant reserves its right to assert additional affirmative defenses in the event discovery and/or class certification indicates that additional affirmative defenses are available to it.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of her Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    For reasonable attorneys' fees, as appropriate, and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2015

Morrison Cohen LLP

By:   /s/ Malcolm I. Lewin
    Malcolm I. Lewin (mlewin@morrisoncohen.com)
    Joaquin Ezcurra (jezcurra@morrisoncohen.com)
    909 Third Avenue
    New York, New York 10022
    (212) 735-8600

    -and-

    Clement J. Kong (clement@kkks.com)
    Keith R. Thorell (keith@kkks.com)
    Korshak, Kracoff, Kong & Sugano, L.L.P.
    1640 S. Sepulveda Boulevard, Suite 520
    Los Angeles, California 90025
    (310) 996-2340

    *Attorneys for Defendant Southern Wine &*
    *Spirits of New York, Inc.*